UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21557-CIV-SEITZ/WHITE

ARMANDO GARCIA,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING MOTIONS FOR RELIEF PURSUANT TO FED. R. CIV. P. 60 AND REQUESTS FOR EVIDENTIARY HEARING [DE 73, DE 77]

THIS MATTER is before the Court on Petitioner Armando Garcia's two Motions for Relief from Judgment under Fed. R. Civ. P. 60(b)(4)(6) and 60(d)(1)(3) and Requests for an Evidentiary Hearing [DE 73, 77]. The essence of these Motions is that there was a defect in the habeas proceedings, because the Court did not hold an evidentiary hearing when it considered Petitioner's claim of attorney conflict preventing exculpatory testimony and attorney misadvice as to a rejected plea offer.

Having reviewed these Motions, the Appendix [DE 72], the response [DE 78], Petitioner's Reply [DE 81], and his Supplement [DE 91], the Court must deny Petitioner's Motions, because they not only are successive habeas petitions that have not been pre-certified for review pursuant to 28 U.S.C. §2255(h), but also are rearguments of the same claims that have been considered and rejected throughout his various attempts for collateral relief.

1

### Background[1]

While serving as a government informant on a drug dealer named Javier Meija, Armando Garcia negotiated a side deal for twenty-five kilograms of cocaine with a "Colombian woman"[2] and was arrested after picking up a sample of two kilograms of what he thought was cocaine on March 9, 2004. At trial, Petitioner testified that he assumed he could purse this deal because he was already authorized to work with Javier and that he had told FBI Agent Ortega about it. Ortega denied that Petitioner informed him about the side deal or the Colombian woman. On October 8, 2004, the jury convicted Petitioner of conspiracy with intent to distribute fifteen kilograms or more of cocaine and attempted possession with intent to distribute two kilograms or more of cocaine. The government filed a sentencing enhancement under 21 U.S.C. § 851, resulting in a mandatory life sentence. On direct appeal, the Eleventh Circuit affirmed the judgment. *United States v. Garcia*, 193 F. App'x 909 (11th Cir. 2006). The Supreme Court denied *certiorari. Garcia v. United States*, 549 U.S. 1085 (2006).

In 2007, Petitioner filed his original § 2255 petition, raising eleven claims, including sufficiency of the evidence and ineffective assistance of trial counsel for, among other things, (1) failing to disqualify himself despite an alleged conflict of interest and (2) misadvice causing Petitioner to reject a plea offer [*see* DE 1, 3, 8]. These are the same two claims at the heart of the Rule 60 Motions. As to the plea claim, Petitioner asserted he had rejected a plea offer based on counsel's misadvise regarding the sentence he would face under the plea as a career offender. Applying *Strickland*, Judge White found that counsel correctly advised Petitioner about his sentence and thus that there was neither deficient performance nor prejudice. [DE 16, p. 17.]

---

[1] The facts of Petitioner's criminal case are set forth in depth in the Eleventh Circuit's opinion on direct appeal. *United States v. Garcia*, 193 F. App'x 909, 910-17 (11th Cir. 2006).
[2] That woman turned out to be a DEA confidential informant.

As to the alleged conflict claim, Petitioner argued that counsel was ineffective because he did not withdraw when he became a witness to exculpatory evidence of Ortega's alleged statement prior to trial that Petitioner told him about the Colombian woman. Among the exhibits to his petition, Petitioner appended trial counsel's April 20, 2004 memorandum summarizing this conversation with Agent Ortega. [DE 4-1, pp. 1-2.] Petitioner claimed counsel also knew that Petitioner's brother Reynaldo Garcia had had conversations with Ortega after Petitioner's arrest, which allegedly corroborated the fact that Petitioner had told Ortega about aspects of the deal.[3] Judge White found that there was no prejudice as to the conflict claim, because Petitioner did not identify what his counsel would have testified to that would have resulted in acquittal. [DE 16, p. 13.]

This Court affirmed and adopted the Report and, finding no facts in dispute, denied the petition without an evidentiary hearing [DE 23]. Petitioner moved for reconsideration [DE 28, 29], which this Court denied [DE 41], because he was simply repeating the same assertions from his petition, his response to the government's answer, and his Objections. Petitioner appealed both Orders. Although the Eleventh Circuit dismissed, as untimely, his appeal challenging the Order denying his petition, it allowed the appeal of this Court's denial of reconsideration [DE 52]. The Supreme Court ultimately denied *certiorari* [DE 55].

Despite two unsuccessful appeals and multiple attempts to obtain Certificates of Appealability,[4] in 2009 Petitioner filed his first motion for Relief from Judgment under Rule 60(b)(1-6) [DE 43]. This motion argued that "the integrity of the federal habeas corpus

---

[3] Petitioner also attached an affidavit from his brother, dated June 12, 2007, summarizing these conversations with Agent Ortega. [DE 4-1, p. 3.] It is noteworthy that Reynaldo did not testify about this when called as a defense witness during the trial.
[4] The docket reflects the numerous motions Petitioner has filed reasserting the same claims.

proceedings" was corrupted because this Court and the Eleventh Circuit denied his first Certificate of Appealability while his reconsideration motion was pending and because this Court failed adequately to readdress his "previously made and denied arguments" in denying reconsideration. [DE 43, pp. 2, 4.] As a result, he sought to "nullif[y]" all proceedings since this Court denied his petition and start his appeals "anew." Finding that Petitioner's arguments had been "fully considered" by both this Court and the Eleventh Circuit, this Court denied the motion [DE 56]. Again, Petitioner appealed [DE 59, 60], but the Eleventh Circuit denied his Certificate of Appealability for failing to meet the standard [DE 68], and the Supreme Court denied *certiorari* [DE 71].

## Petitioner's Materials to Support These Motions

The two present Motions are Petitioner's second and third Rule 60 Motions, again asserting a "defect in the integrity of the habeas proceedings." This time, Petitioner contends that the defect was that the Court did not previously hold an evidentiary hearing; thus, it did not actually reach the merits of his ineffective assistance claims. In support of his conflict claim, Petitioner has attached two nearly-identical affidavits from his trial counsel Mr. Gerson dated April 6, 2009 and January 12, 2012, which incorporate the same April 2004 memorandum that Petitioner filed with his original petition [DE 72-1, pp. 29-34].[5] Petitioner maintains that this evidence is relevant for his actual innocence and fraud arguments, because it shows that he informed Agent Ortega about the Colombian woman and that the side deal was done with the knowledge and implicit authority of the government. Without specifying what additional evidence an evidentiary hearing would reveal, Petitioner asserts that a hearing would have

---

[5] Petitioner also includes an additional affidavit from his brother Reynaldo, dated January 31, 2012. [DE 72-1, pp. 40-47.]

developed the record further as to why Mr. Gerson did not disqualify himself.  Petitioner also

reiterates his claim that his conviction was the product of fraud and a hearing would reveal that

Agent Ortega perjured himself.  Finally, he again challenges the denial of his claim of plea

misadvice, contending the Court applied the wrong standard and should revisit its analysis in

light of *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

He also hypothesizes three lesser-sentence "scenarios" he believes might have resulted from

accepting the plea.  [*See* DE 77, pp. 13-14.]

### Analysis

Rule 60 may not be used to circumvent the statutory bar on successive habeas petitions.

*Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see also Franqui v. Florida*, 638 F.3d 1368, 1371

(11th Cir. 2011) (noting that Rule 60 motions challenging denial of a habeas petition on the

merits must be viewed with "particular skepticism").  That is what Petitioner is trying to do here.

Although shrouded in the language of rectifying a defect in the habeas proceedings, Petitioner's

Motions are attempting to re-litigate claims, which, contrary to his view, have been specifically

considered and denied on the merits.  He is not raising those types of *Gonzalez* issues, such as a

denial for "failure to exhaust, procedural default, or statute-of-limitations bar," which might be

appropriate for a Rule 60 motion.  *Gonzalez*, 545 U.S. at 532, n.4.  Petitioner simply takes issue

with *how* this Court decided the merits of his ineffective assistance claims – namely, by ruling on

them without a hearing.

No hearing is required when, as this Court has already found [DE 23, p. 2], the record is

clear that Petitioner was not denied ineffective assistance of counsel under *Strickland.  See*

*Saunders v. United States*, 278 F. App'x 976, 978 (11th Cir. 2008) (collecting cases).  Petitioner

alleges only that a hearing would "expand the record" but provides no new, non-conclusory facts

5

it would reveal that would entitle him to relief. *See id.* at 979. Reconsidering whether a hearing was needed would thus entail reevaluating the same substantive record, beginning with Petitioner's criminal case, and ultimately, the merits of his claims.

Nor are Petitioner's rearguments of his underlying claims from his original § 2255 petition valid bases for Rule 60 motions. First, his actual innocence theory of his previously-denied conflict claim relies on essentially the same evidence: his trial counsel's April 2004 memorandum of his conversation with Agent Ortega. The new cover affidavits add no facts of material value, only background as to the origin of the memorandum.[6] Critically, Petitioner's fraud claim is based on Agent Ortega's alleged perjury at trial, *not* fraud during the federal

---

[6] Even if this claim had not already been raised, it fails on the merits. Petitioner is essentially arguing that additional impeachment evidence as to one of the testifying agents was "crucial" and "exculpatory" and would have altered the outcome of his case, while ignoring all of the other evidence presented at trial. Although the actual innocence exception to successive petitions under 28 U.S.C. § 2255(h)(1) requires a showing of clear and convincing evidence, Petitioner claims that he must show only that it is more likely than not that no reasonable juror would have convicted him. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (stating the actual innocence gateway standard for overcoming a procedural bar for a first habeas petition). Despite Petitioner's characterization, the evidence he raises is insufficient to establish factual innocence under either standard. At best, this evidence might have assisted the jury in evaluating the credibility of one of the prosecution witnesses. It would not have been dispositive on the issue of whether Petitioner set up the side deal without following procedure. *See Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions.").

Nevertheless, in an abundance of caution, the Court reviewed the trial transcript. Agent Ortega and FBI Agent Giraldo Bermudez (Petitioner's handler, whose testimony Petitioner does not impugn) testified that Petitioner never told them about the side deal, whereas Petitioner insisted he told Ortega about the deal and that he believed he was acting within his authority as an informant. Petitioner's brother Reynaldo testified as a defense witness, but admitted on cross examination that Petitioner also refused to tell him about the details of the deal. (Trial Tr. vol. 9, 102:2-9.) As the Eleventh Circuit noted on direct appeal, evidence of Petitioner's intent was "overwhelming," as his own testimony was riddled with "inconsistencies and implausibilites that point to his guilt." *Garcia*, 193 F. App'x at 918-21 (listing examples). For instance, Petitioner's assertion that he had planned to call Ortega and Bermudez after obtaining the sample of cocaine was belied by his admission that he had found a buyer for it. *Id.* at 919. Petitioner's impeachment evidence has not even shown that it is "more likely than not" that no reasonable juror would have convicted him, much less demonstrated factual innocence by clear and convincing evidence. Indeed, after filing these Motions, Petitioner sought an application to pursue a successive petition based on these same arguments and evidence, which the Eleventh Circuit denied. *In re: Armando Garcia*, No. 14-10342-D (11th Cir. Feb. 19, 2014).

habeas proceedings.

Finally, Petitioner's claim of misadvice relating to the rejected plea offer was already considered and denied under *Strickland*. His current arguments and citations to *Frye* and *Lafler* applying the same standard seek reconsideration on the merits and, in any event, are unavailing. *See In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012) (denying application for successive petition and holding that *Frye* and *Lafler* simply clarified the application of *Strickland* to rejected plea offers and did not announce a new rule of constitutional law under 28 U.S.C. § 2255(h)). The three "scenarios" for a lesser sentence Petitioner speculates might have resulted from accepting the plea presuppose, without any record support, that the Court would have granted various downward departures and that the government would have withdrawn the § 851 enhancement, which the record expressly contradicts [DE 77, p. 46].

Each of the claims in Petitioner's Rule 60 Motions are successive, were not pre-certified for review by the Eleventh Circuit, and must be dismissed for lack of jurisdiction. *See Gonzalez*, 545 U.S. at 530-32 (holding that attempts to present new claims, evidence, or substantive law in support of previously-denied habeas claims are properly dismissed as successive). The true motivation underlying these Motions appears to be Petitioner's life sentence under the § 851 sentencing enhancement. Recent shifts in the law suggest that it is unlikely this enhancement would have been sought had the case been brought today.[7] *Cf. Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the imposition of enhanced sentences under the Armed Career Criminal Act's residual clause unconstitutional); *Price v. United States*, No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (noting the government's support for Price's application to challenge his enhanced sentence under *Johnson*); *but see In re: Gilberto Rivero*, No. 15-13089,

---

[7] The Court understands Petitioner is filing a clemency petition.

slip op. at 11-12 (11th Cir. Aug. 12, 2015) (discussing *Price* and distinguishing the government's

support for granting Price's application for a successive petition from a concession that Price was

entitled to relief).  Therefore, it is

ORDERED THAT

1)     Petitioner's Motion for Relief from Judgment under Federal Rule of Civil

Procedure 60(b)(6) & 60(d)(1)(3) and Request for an Evidentiary Hearing [DE 73] is **DENIED**.

2)     Petitioner's Motion for Relief from Judgment under Federal Rule of Civil

Procedure 60(b)(4) and Request for an Evidentiary Hearing [DE 77] is **DENIED**.

3)     This case remains **CLOSED**.

DONE AND ORDERED in Miami, Florida, this 14th day of August, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record